

**Office of the Attorney General**
**LEEVIN TAITANO CAMACHO**
Attorney General of Guam
**Litigation Division**
590 S. Marine Corps Drive
Suite 802, ITC Building
Tamuning, Guam 96913 ● USA
(671) 475-3324 ● (671) 472-2493 (Fax)
http://oagguam.org

**Attorneys for the Government of Guam**

# IN THE DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| SEDFREY M. LINSANGAN, *pro se*, | Civil Case No. 19-00011 |
| Plaintiff, | |
| vs. | **OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| GOVERNMENT OF GUAM, LOURDES LEON GUERRERO, acting in her official capacity as Governor of Guam, | |
| Defendants. | |

## Introduction

The Defendants file this Opposition to Plaintiff's Motion for Summary Judgment on the basis of the following points and authorities. Public Law 35-5 was enacted into law on April 4, 2019 to legalize and regulate the recreational use, sale and production of cannabis. Also known as the Guam Cannabis Industry Act of 2019 ("Act"), Public Law 35-5, among other things, decriminalizes the personal use by an individual 21 years of age or older of one ounce or less of

Page 1 of 8

*Opposition to Plaintiff's Motion for Summary Judgment*
Linsangan vs. Gov't of Guam et al.; District Court of Guam Civil Case No. 19-00011

Case 1:19-cv-00011   Document 12   Filed 05/24/19   Page 1 of 8

marijuana, restricts personal cultivation to no more than six plants in a locked enclosure, regulates the lawful operation of cannabis-related facilities, and imposes an excise tax on cannabis. P.L. 35-5:2.

Plaintiff seeks to invalidate the Act as inconsistent with federal law, namely the Controlled Substances Act ("CSA"), and argues that by enacting the Act the Defendants violated the CSA and the Organic Act of Guam. Plaintiff's claim cannot proceed as he lacks standing to bring this action in District Court. Furthermore, the Act is not preempted by federal law and therefore there has been no violation of law by the Defendants.

## Argument

**I.  Plaintiff lacks standing to bring this action.**

Plaintiff lacks standing to bring this action in District Court. To satisfy the requirements of Article III standing, the Plaintiff must establish that (1) he has suffered an injury in fact to a legally protected interest; (2) the Defendants government of Guam and Governor of Guam's actions caused the alleged injury; and (3) it is likely, rather than speculative, that the alleged injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000); *Lujan v. Defenders of Wildlife,* 504 U.S 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). The party invoking federal jurisdiction bears the burden of establishing these elements and each element must be supported with the manner and degree of evidence required at the successive stages of litigation. *Lujan,* 504 U.S. at 561.

Plaintiff fails to establish all three elements: an injury-in-fact, causation, and redressability. Standing at the summary judgment stage "must be supported by specific evidentiary facts and not

Page 2 of 8

*Opposition to Plaintiff's Motion for Summary Judgment*
Linsangan vs. Gov't of Guam et al.; District Court of Guam Civil Case No. 19-00011

Case 1:19-cv-00011   Document 12   Filed 05/24/19   Page 2 of 8

by mere allegations." *Lujan,* 504 U.S. at 562. Plaintiff's allegations are not supported by specific evidentiary facts to establish standing to bring this case in District Court.

### A. Plaintiff has not suffered an injury-in-fact.

First, Plaintiff has not suffered an injury in fact to a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. *See Lujan*, 504 U.S. at 561. To have standing, a litigant "must possess a direct stake in the outcome of the case." *Hollingsworth v. Perry*, 570 U.S. 693, 704, 133 S. Ct. 2652, 2661, 186 L. Ed. 2d 768 (2013) (holding that petitioners had no role in the enforcement of the initiative measure in question and therefore had no direct stake in the outcome). Plaintiff has not stated that he suffered a personal or tangible harm to a legally protected interest that was caused by Defendants. He has not met his burden of establishing this element as he does not possess a direct stake in the outcome of the case for the District Court to have authority to decide this case.

The United States Supreme Court in *Hollingsworth* stated:

> [A] generalized grievance, no matter how sincere, is insufficient to confer standing. A litigant raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and law, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.

570 U.S. at 706 (citations and internal quotation marks omitted). The Court in *Hollingsworth* also noted that when the Court has allowed litigants to assert the interests of others, "the litigants themselves still must have suffered an injury in fact, thus giving them a sufficiently concrete interest in the outcome of the issue in dispute." *Hollingsworth*, 570 U.S. at 708 (citation, internal quotation marks and brackets omitted).

In this case, Plaintiff has not demonstrated that he has suffered any injury-in-fact because he raises only a generalized grievance and he does not have a sufficiently concrete interest in the

Page 3 of 8

*Opposition to Plaintiff's Motion for Summary Judgment*
Linsangan vs. Gov't of Guam et al.; District Court of Guam Civil Case No. 19-00011

Case 1:19-cv-00011   Document 12   Filed 05/24/19   Page 3 of 8

outcome of the dispute. As a result, he has failed to show that he has suffered an injury-in-fact. He therefore lacks standing and the Court should deny his motion for summary judgment.

**B. Defendants have not caused any alleged injury.**

Second, Plaintiff claims the injury suffered is the Defendants' violation of laws that protect the people. Plaintiff asserts that Defendants violated the law and abdicated responsibility for the faithful execution of the laws of Guam and the laws of the United States applicable in Guam as commanded in the Organic Act of Guam. This is merely a "generally available grievance about government". Plaintiff has not articulated Defendants' alleged "illegal acts". He cannot meet the second prong of the test for standing. Consequently, he has no standing in this case and the Court should deny him the relief he seeks.

**C. Plaintiff's grievance cannot be redressed.**

Third, Plaintiff argues that Section 1421b of the Organic Act of Guam gives people the right to petition the Government or file a lawsuit for redress and that the "injury" here will be redressed by a favorable decision. Article III courts "will not . . . 'entertain citizen suits to vindicate the public's nonconcrete interest in the proper administration of the laws.' " *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865 (10th Cir. 2017) (quoting *Massachusetts v. EPA*, 549 U.S. 497, 516-17, 127 S. Ct. 1438, 167 L. Ed. 2d. 248 (2007)). "[P]rivate rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) (citation omitted). Section 1421b of the Organic Act, a federal law, contains the Bill of Rights applicable to Guam. That Section does not contain a provision that allows Plaintiff to bring suit in this manner.

Like the Organic Act of Guam, which does not give Plaintiff the right to enforce federal law, so too does the CSA not grant a private citizen a right to enforce the provisions in the CSA. Plaintiff cannot maintain a cause of action—either in law or in equity—against any defendant for

Page 4 of 8

*Opposition to Plaintiff's Motion for Summary Judgment*
Linsangan vs. Gov't of Guam et al.; District Court of Guam Civil Case No. 19-00011

Case 1:19-cv-00011 Document 12 Filed 05/24/19 Page 4 of 8

violating the CSA. *See Va. Office for Prot. & Advocacy v. Stewart,* 563 U.S. 247, 261 n.8 (2011) (litigation cannot occur unless the plaintiff has been given a federal right of his own to vindicate under the statute at issue in the case); *see also Shmatko v. Ariz. CVS Stores LLC,* No. 14-CV-01076, 2014 WL 3809092, at *2 (D. Ariz. Aug. 1, 2014) (CSA does not create private rights of action that can give rise to a federal question).

The CSA enumerates a long list of remedies. *See, e.g.,* 21 U.S.C. §§ 841, 843, 848, 854, 856, 875, & 881. These provisions are enforceable by the United States Attorney General. *Schneller v. Crozer Chester Med. Ctr.,* 387 Fed. Appx. 289, 293 (3d Cir. 2010) (citing 28 U.S.C. § 871(a)); *see also Shmatko v. Ariz. CVS Stores LLC,* No. 14-CV-01076, 2014 WL 3809092, at *2 (D. Ariz. Aug. 1, 2014) ("[O]nly the Attorney General or United States authority [may] enforce federal law governing controlled substances . . . ."). The CSA does grant other parties enforcement powers in very limited circumstances. *See* 21 U.S.C. § 878(a) (empowering the Attorney General to designate State and local law enforcement officers to enforce the CSA); 21 U.S.C. § 882(c) (granting States limited authority to enforce the CSA against online pharmacies, but expressly noting that "[n]o private right of action is created under this subsection").

None of these provisions allow a private right of action as the Plaintiff claims here. Instead, these provisions suggest that Congress did not intend to provide additional recourse through private actions. *See Armstrong v. Exceptional Child Ctr., Inc.,* 135 S. Ct. 1378, 1384 (2015) (holding that "the express provisions of *one* method of enforcing a substantive rule suggests that Congress intended to preclude others") (emphasis added; citation and internal quotation marks omitted). "[W]here the text and structure of [the CSA] provide no indication that Congress intend[ed] to create new individual rights, there is *no basis* for a private suit," *Gonzaga Univ. v.*

Page 5 of 8

*Opposition to Plaintiff's Motion for Summary Judgment*
Linsangan vs. Gov't of Guam et al.; District Court of Guam Civil Case No. 19-00011

Case 1:19-cv-00011   Document 12   Filed 05/24/19   Page 5 of 8

*Doe*, 536 U.S. 273, 286 (2002) (emphasis added), because Congress has not "mandat[ed] private enforcement" of the CSA. *Armstrong,* 135 S. Ct. at 1384.

The CSA does not include a remedial scheme for situations in which a state fails to comply with its terms. Nothing in the CSA grants a right to sue to overturn a State's—or in this case a territorial or Guam—law. As a result, Plaintiff has failed to show redressability. He fails to meet the third prong of the standing test and his motion for summary judgment must be denied.

**II.     Federal law does not preempt Guam law.**

Furthermore, the Act is not preempted by the CSA. The CSA, codified at Title 21, Chapter 13 of the United States Code, classifies cannabis as a Schedule I controlled substance and provides a range of federal civil and criminal penalties for anyone who manufactures, distributes, imports or possesses controlled substances in violation of its terms. Courts have not viewed the relationship between state and federal marijuana laws as creating a legal conflict, nor did Congress intend that the CSA displace all state and territorial laws associated with controlled substances. *See generally County of San Diego v. San Diego NORML,* 165 Cal. App. 4th 798 (Cal. Ct. App. 2008) (upholding California medical marijuana law against preemption challenge).

Section 903 of the CSA states:

> No provision of this subchapter shall be construed as indicating an intent on the part of the Congress to occupy the field in which the provision operates, including criminal penalties, to the exclusion of any State law on the same subject matter which would otherwise be within the authority of the State, *unless there is a positive conflict between that provision of this subchapter and that State law so that the two cannot consistently stand together.*

21 U.S.C. § 903 (emphasis added). This provision makes it clear that Congress did not intend to occupy the entire regulatory field concerning controlled substances or wholly supplant state authority in that area.

Congress defined "state" in the CSA to include territories. *See* 21 U.S.C. § 802(26) ("The

Page 6 of 8

*Opposition to Plaintiff's Motion for Summary Judgment*
Linsangan vs. Gov't of Guam et al.; District Court of Guam Civil Case No. 19-00011

Case 1:19-cv-00011   Document 12   Filed 05/24/19   Page 6 of 8

term 'State' means a State of the United States, the District of Columbia, any commonwealth territory, or possession of the United States."). Thus, the CSA leaves States and territories, including Guam, free to pass laws relating to marijuana so long as they do not create a "positive conflict" with federal law. *See, e.g., County of San Diego*, 165 Cal. App. 4th at 809 (finding no conflict between the CSA and the local Medical Marijuana Program); *State ex rel. Lance v. Dist. Ct. of Thirteenth Judicial Dist., In and For Yellowstone County*, 542 P.2d 1211, 1213 (Mont. 1975) (finding that "there was no overall plan to preempt the states in the field of drug control when Congress enacted the federal [CSA]"); *Marsh v. State*, 620 P.2d 878, 880 (N.M. 1980) ("[F]ederal law does not preempt state prosecution in a marijuana distribution case.").

The Supreme Court confirmed this reading of Section 903 of the CSA, stating that the provision suggests that Congress "explicitly contemplate[d] a role for the States in regulating controlled substances . . . ." *Gonzales v. Oregon,* 546 U.S. 243, 251 (2006). Furthermore, courts have held that a state's decision to exempt classes of individuals from the state prohibition on marijuana by permitting the drug's use for certain purposes does not create a "positive conflict" with federal law. *See, e.g., County of San Diego*, 165 Cal. App. 4th at 809 (finding that "compliance with [local] laws can 'consistently stand together' with adherence to the provisions of the CSA"). In this case, the Act, which authorizes recreational adult use of cannabis under certain circumstances within the territory of Guam, does not create a "positive conflict" and therefore is not preempted by CSA. As a result, Plaintiff lacks grounds for his motion for summary judgment and the Court should deny it.

## CONCLUSION

Public Law 35-5 has not caused Plaintiff to suffer an injury-in-fact to a legally protected interest. Therefore, there is nothing to redress. Plaintiff lacks standing to bring this action as he

Page 7 of 8
*Opposition to Plaintiff's Motion for Summary Judgment*
Linsangan vs. Gov't of Guam et al.; District Court of Guam Civil Case No. 19-00011

Case 1:19-cv-00011 Document 12 Filed 05/24/19 Page 7 of 8

failed to establish the elements necessary to have standing in this case. Furthermore, the CSA does not preempt the Act and therefore is not inconsistent with federal law. Defendants have not violated federal law and respectfully request that this Court deny Plaintiff's motion for summary judgment.

Respectfully submitted this 24th day of May, 2019.

**OFFICE OF THE ATTORNEY GENERAL**
**Leevin Taitano Camacho,** Attorney General

By: /s/
**SHANNON TAITANO**
Assistant Deputy Attorney General

# CERTIFICATE OF SERVICE

I declare under penalty of perjury that on May 24, 2019, I electronically filed the foregoing with the Clerk of Court for the United States District Court of Guam using the CM/ECF system and that immediately after filing the above document I will cause it to be served upon the parties as authorized by law.

/s/
**SHANNON TAITANO**
Assistant Deputy Attorney General

Page 8 of 8
*Opposition to Plaintiff's Motion for Summary Judgment*
Linsangan vs. Gov't of Guam et al.; District Court of Guam Civil Case No. 19-00011

Case 1:19-cv-00011  Document 12  Filed 05/24/19  Page 8 of 8