DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | | |
|---|---|---|
| SEDFREY M. LINSANGAN (Pro Se), | ) | CIVIL CASE NO. 19-00011 |
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| GOVERNMENT OF GUAM, LOURDES LEON GUERRERO, Acting in Her Official as Governor of Guam, | ) ) ) | |
| Defendants. | ) | |

Before the court is Plaintiff's Motion for Summary Judgment. The court heard the Motion on August 16, 2019 and at the conclusion of the hearing took the matter under advisement.

After having reviewed the memoranda in support of the motion, the opposition thereto, and having considered the arguments by the parties, the court hereby submits its decision in this Report and Recommendation.

## BACKGROUND

On April 4, 2019, Sedfrey M. Linsangan (hereinafter referred as "Plaintiff") filed a complaint against the Government of Guam and Lourdes Leon Guerrero in her capacity as the Governor of Guam (hereinafter referred to as "Defendants") seeking a judgment: (1) declaring Guam's legalization of recreational and medical marijuana null and void; (2) enjoining Defendants from engaging in making policies and rules regulating the sale and distribution of marijuana; (3) declaring that the Governor and the Legislature of Guam have committed official misconduct and have violated federal law.

Plaintiff is a resident of Guam and is proceeding "pro se" as a person who is not represented by an attorney. In his complaint, he argues that he has all the standing which Section 1421b of the Organic Act bestows upon him.

In his complaint, Plaintiff alleges:

> 6. Under Section 812 of Title 21 USC Controlled Substances Act, Marihuana is Classified as Schedule 1 Substance. Section(c)(10).
> A) Drug or other Substance has high potential for abuse.
> b) The drug or other substance has no currently accepted medical use in treatment.
> c) There is lack of accepted safety for use of the drug or other substance under medical supervision.
>
> 7. Article VI of the Constitution mandate that Judges in every State or Territory shall be bound any Thing in the Constitution and Federal Laws.
> The Supremacy Clause which contain the Doctrine of Preemption supercedes States and Territory Laws. Article VI buttresses the Supreme Clause by requiring all Government officials, both state and federal to give precedence to the Federal Laws and U.S. Constitution over any state constitution or other laws.
>
> 8. Governor Leon Guerrero has violated her mandated duties under Section 1422 of the Organic Act of Guam which stipulate that the Governor is responsible for the faithful execution of federal Laws that is extended to Guam.
>
> 9). Section 1421b, Section1422, Section 1423a, Section 1423d of Title 48 of the Organic Act of Guam were violated by the Defendants.
>
> 10). The illegal acts by the Defendants will destroy families, children, economy, businesses and the Island of Guam. It will put more financial pressure on medical system and public coffers to treat those that will be addicted and eventually try stronger drugs:

The Defendants filed their Answer to the Complaint on April 26, 2019.

On May 3, 2019, Plaintiff filed his Motion for Summary Judgment, Defendants filed their Opposition on May 24, 2019, and Plaintiff filed his Reply on June 3, 2019.

**DISCUSSION**

Plaintiff brings this action for threefold purposes. First, Plaintiff seeks to declare Guam's legalization of recreational and medical marijuana null and void. Second, Plaintiff seeks to enjoin Defendants from making policies or rules regulating the sale and distribution of marijuana. Third, Plaintiff seeks to declare that the Governor and the Legislature of Guam have committed official misconduct in the legalization of recreational and medical marijuana. In that regard, they have violated federal law and their trust "to faithfully support the Constitution of the United States and the laws of the United States applicable to Guam" and the executive

responsibility to be the faithful executioner of the laws of the United States applicable to Guam.

While not specifically referencing which act is null and void in his complaint, it appears to the court that Plaintiff is referring to the Guam Cannabis Industry Act of 2019, referred to herein at times as the "Guam Cannabis Act." The Guam Cannabis Act became law on April 4, 2019 and is known as Public Law 35-5.

Plaintiff alleges he has standing to bring the present lawsuit pursuant to Section 1421b of the Organic Act. He alleges that he has suffered a concrete injury because Defendants have violated a federal law which protects people from the use of a prohibited drug. He further alleges that such a violation constitutes an invasion of a legally protected interest and that such injury and invasion will be redressed by a favorable court decision.

Plaintiff simplistically argues that in the passage of the Guam Cannabis Act, Defendants have committed official misconduct because they have violated their obligations under the Organic Act of Guam. Moreover, the Guam Cannabis Act is illegal because it is in direct contradiction to federal law, the Controlled Substances Act.

In his complaint, Plaintiff points out that 21 U.S.C. Section 812, the Controlled Substances Act (CSA) classifies marijuana as a Schedule I Substance. Under the Supremacy Clause and Article VI , the CSA has supremacy over any state or territorial law which is in contrary to federal law, in this instance, the Guam Cannabis Act.

Defendants have opposed Plaintiff's motion and argue that Plaintiff has no standing to bring the complaint before the court.

To have standing, Defendants argue that Plaintiff must show that (1) he has suffered an injury in fact to a legally protected interest; (2) that the Defendants' actions caused the alleged injury; and (3) that it is likely, rather than speculative, that the alleged injury will be redressed by a favorable decision, citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000); *Lujan v. Defenders of Wildlife*, 504 U.S 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). The party invoking federal jurisdiction bears the burden of establishing these elements and each element must be supported with the manner and degree of evidence required at the successive stages of litigation.

*Lujan,* 504 U.S. at 561.

Defendants argue that Plaintiff does not meet the first prong of the three-prong standing test, that Plaintiff has not suffered an injury that is personal and actual or imminent. They further argue that a generalized grievance regarding governmental intrusion which creates harm that affects the public general interest in the application of the Constitution and law does not create a case or controversy which vests standing in Plaintiff. *Hollingsworth v. Perry*, 570 U.S. 693, 704, 133 S. Ct. 2652, 2661, 186 L. Ed. 768 (2013). Plaintiff must suffer an injury which is sufficiently concrete to have a direct interest in the outcome of the matter in dispute.

With regard to the second prong of the standing issue, Defendants point out that they have not caused any injury to Plaintiff. Rather than alleging a specific injury, Plaintiff merely makes a general allegation that Defendants have breached their responsibility to faithfully execute the laws of the United States applicable to Guam and their trust to support and defend the Constitution and the laws of the United States applicable to Guam.

Finally, Defendants argue that Plaintiff's grievance to which he seeks redress in this court does not meet the third prong standing test because neither the Organic Act of Guam nor any other statute gives him a private right to enforce a federal law, citing *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865 (10th Cir. 2017) (quoting *Massachusetts v. EPA*, 549 U.S. 497, 516-17, 127 S. Ct. 1438, 167 L. Ed. 2d. 248 (2007)). "[P]rivate rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). Defendants also advise the court that the CSA contains a list of remedies which may only be enforceable by the Attorney General of the United States and creates no private right of action in any individual.

In addition to arguing Plaintiff's lack of standing, Defendants also argue that the Guam Cannabis Act is legal and not preempted by the CSA.

Defendants inform the court that Title 21, Chapter 13 of the United States Code, classifies cannabis as a Schedule I controlled substance and provides a range of federal civil and criminal penalties for anyone who manufactures, distributes, imports or possesses controlled substances in violation of its terms. Defendants contend that courts have not viewed the

relationship between state laws that authorize medicinal or recreational use of marijuana versus federal laws that prohibit the same as creating legal conflicts which nullifies the offending state laws. Rather, Defendants contend that Congress did not intend that the CSA displace all state and territorial laws associated with controlled substances, citing *County of San Diego v. San Diego NORML*, 165 Cal. App. 4th 798 (Cal. Ct. App. 2008) (upholding California medical marijuana law against preemption challenge). Defendants cite 21 U.S.C. §903 in support.

Section 903 of the CSA provides:

> No provision of this subchapter shall be construed as indicating an intent on the part of the Congress to occupy the field in which the provision operates, including criminal penalties, to the exclusion of any State law on the same subject matter which would otherwise be within the authority of the State, unless there is a positive conflict between that provision of this subchapter and that State law so that the two cannot consistently stand together.

In that regard the court notes that under federal law it is a felony to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or to create, distribute, or dispense, or possess with intent to distribute or dispense marijuana. Possession of marijuana, however, is a misdemeanor.

**Does Plaintiff have standing to bring an action to declare the Guam Cannabis Industry Act of 2019 null and void; to enjoin Defendants from engaging in making policies and rules regulating the sale and distribution of marijuana; and to declare that the Governor and the Legislature of Guam have committed official misconduct and have violated federal law?**

**I. Standing under Section 1421b of the Organic Act.**

Plaintiff contends he has standing to bring this action pursuant to Section 1421b of the Organic Act of Guam. Section 1421b, however, is a statement of the "Bill of Rights." Plaintiff asserts standing because the "Bill of Rights" confers upon the people the right to petition the government or file a lawsuit for such redress. Section 1421b(a) does provide the people with the general right to petition the government for a redress of their grievances.

The court notes, however, that there is no specific provision in Section 1421b which authorizes a citizen to file a private action to compel enforcement of the "Bill of Rights" law or

to declare null and void any Guam law that contravenes or is inconsistent with the said "Bill of Rights" provisions. The court does note that the last sentence of Section 1421b states: "All laws enacted ... by the territorial legislature of Guam which are inconsistent with the provisions of this subsection are repealed to the extent of such inconsistency." It is this provision of the Organic Act which Plaintiff alleges his standing flows.

On its face, Section 1421b appears to apply to territorial laws that abridge the general rights given to the people by the "Bill of Rights."

In his complaint, Plaintiff alleges that the Guam Cannabis Act is inconsistent with a federal law, the CSA, and thus under the Supremacy Clause, it is null and void. Plaintiff does not allege, however, that the Guam Cannabis Act is inconsistent with Section 1421b. Thus, his reliance upon Section 1421b as a statute which gives him standing might be misplaced since he does not allege the Guam Cannabis Act to be contrary to the Bill of Rights provisions in Section 1421b, but rather that it is contrary to another federal statute, the CSA.

It also appears to the court from Plaintiff's arguments that he asserts a right to seek relief herein or sue based upon an inherent right which is the general right granted to the citizenry under the Bill of Rights provision to petition the government or file a grievance in that regard. Again, the court notes that no provision within Section 1421b authorizes a citizen to maintain a private action to enforce the general rights provided therein. In order for Plaintiff to have such a right, the right to sue to enforce the "Bill of Rights" provisions must be expressly authorized by Congress in the statute and cannot be implied therefrom nor is it inherent therein. The principle that private actions to enforce federal laws must be authorized by Congress is generally recognized.

In *Armstrong v. Exceptional Child Center, Inc.*, 135 S. Ct. 1378, providers of residential habilitation services to Medicaid-eligible individuals brought an action against the Director and Deputy Director of Idaho's Department of Health and Welfare (IDHW) and former IDHW Division of Medicaid Administrator, challenging IDHW's failure to amend existing Medicaid reimbursement rates. The petitioners sought injunctive relief. The trial court granted summary judgment to providers. Defendants appealed. The United States Court of Appeals for the Ninth

Circuit affirmed. The U.S. Supreme Court reversed and held that: (1) the ability to sue to enjoin unconstitutional actions by state officers did not rest upon an implied right of action contained in the Supremacy Clause, and (2) the Medicaid Act did not authorize providers' private action for injunctive relief to enforce against a State the Act's reimbursement-rate standard.

Plaintiff, however, may have standing in this regard if the provisions of the CSA authorize such a filing.

In their opposition, Defendants point out that the CSA does not give Plaintiff a right to file a private action to enforce said provisions against the Guam Cannabis Act. Defendants do point out that the CSA does provide for remedies. However, the enforcement of these remedies can only be undertaken by the Attorney General of the United States through the filing of a government action and not through a citizenry private action.

Thus, it appears that Plaintiff has no standing to bring this action based upon his reliance on Section 1421b of the Organic Act of Guam or upon the Supremacy Clause provision alluded therein.

**II. General Standing.**

The court must next determine whether Plaintiff meets the three-fold standing test to bring the action before the court.

Has Plaintiff suffered a personal concrete injury at the hands of Defendants that is actual or imminent that can be redressed by a favorable court decision? The court notes that the passage of the Guam Cannabis Act has precipitated Plaintiff's filing herein. Plaintiff challenges the legality of the Guam Cannabis Act and the legality of the actions exhibited by Defendants in its passage.

Various courts have dealt with standing issues in relation to individuals who have brought actions challenging statutes that relate to the legality of medicinal marijuana use. In *Raich v. Gonzales*, 500 F. 3rd 850 (2007), user and growers of marijuana for medical purposes under California Compassionate Use Act sought a declaration that the Controlled Substances Act was unconstitutional as applied to them. The trial court denied plaintiffs' motion for preliminary injunction. Plaintiffs appealed and the Court of Appeals for the Ninth Circuit

reversed. With regard to plaintiffs' standing the Ninth Circuit stated:

> We are convinced that the requirements of constitutional standing have been met here. Although Raich has not suffered any past injury, she is faced with the threat that the Government will seize her medical marijuana and prosecute her for violations of federal drug law. The threat posed by deprivation of her medical treatment is serious and concrete: Raich's doctor testified that foregoing medical marijuana treatment might be fatal. The threat is not speculative or conjectural: DEA agents previously seized and destroyed the medical marijuana of former plaintiff-appellant Diane Monson. Monson's withdrawal from this action does not change the fact that DEA agents have—and may again—seize and destroy medical marijuana possessed by gravely ill Californians, including Raich. Finally, it is clear that Raich's threatened injury may be fairly traced to the defendants, and that a favorable injunction from this court would redress Raich's threatened injury.

The Guam Cannabis Act allows certain individuals who are over 21 years of age the ability to possess, use, purchase, and transport marijuana; possess, grow, process, or transport no more than six cannabis plants; transfer marijuana to another person over 21 without remuneration; and to consume marijuana under the limiting provisions of the Act. In addition, the Act authorizes a cannabis cultivation facility and creates a Cannabis Control Board.

What direct injury has Plaintiff suffered that is traceable to the Act? Has Plaintiff been prevented from the use and enjoyment of the provisions of the Act? Has he been denied the ability to possess, use, purchase, and transport marijuana? Has he been denied the ability to possess, grow, process, or transport no more than six cannabis plants? Has he been denied the ability to transfer marijuana to another person over 21 years of age without remuneration? Has he been denied the ability to operate a cannabis cultivation facility? Are there proposed regulations by the Cannabis Control Board that deny him benefits under the Act that need to be enjoined? Have Defendants caused actual injury to Plaintiff? These are examples of injuries that are personal, concrete, actual and immediate that provide the necessary ingredients for standing.

The mere allegation that Defendants have passed the Guam Cannabis Act which legalizes medicinal and recreational marijuana use provides no personal injury since the injury alleged is one that is public, that applies to the people in general and not personal, concrete, actual, or immediate to Plaintiff. The injury must be concrete and particularized. It must also be actual or imminent and not conjectural or hypothetical.

1    Second, does Plaintiff have standing to enjoin Defendants from engaging in making
2 policies and rules regulating the sale and distribution of marijuana?  As stated in the above
3 analysis, the court has found that Plaintiff has not suffered a concrete injury that is directly
4 related to the Guam Cannabis Act.  In the absence of any such harm, the court must find that
5 Plaintiff also lacks standing to seek to enjoin Defendants from engaging in making policies or
6 rules regulating the sale and distribution of marijuana.  Moreover, if Plaintiff did have standing,
7 it appears that the proper body which is tasked with such responsibility, the Cannabis Control
8 Board, is not a party to this litigation.
9    Finally, does Plaintiff have standing to bring an action to declare that the Governor and
10 the Legislature of Guam have committed official misconduct and have violated federal law?  In
11 addressing this issue, the court notes that its previous discussion of the standing issue also apply
12 herein.
13    To begin with, the court agrees with Plaintiff that the Governor of Guam has the
14 executive responsibility for the faithful execution of the laws of the United States applicable to
15 Guam and that the Governor along with the members of the Guam Legislature are entrusted to
16 faithfully support the Constitution of the United States and the laws of the United States
17 applicable to Guam.
18    Plaintiff asks this court to find that Defendants have breached the trust that has been
19 placed upon them by the Organic Act of Guam because Defendants have passed into law the
20 Guam Cannabis Act which is in direct contravention of the federal Controlled Substances Act.
21 By its passage, Plaintiff argues that Defendants have breached the trust placed upon them by the
22 Organic Act because Defendants have failed to support a federal law that is applicable to Guam
23 and they have failed to adhere and be guided by the Supremacy Clause.
24    The court notes again, that Section 1421b of the Organic Act of Guam does not
25 authorize a citizen to file a private action to compel enforcement of the "Bill of Rights" law.
26 More importantly, Plaintiff has cited to no law which authorizes private actions to redress a
27 constitutional violation.  Moreover, as the Supreme Court of the United States has held, the
28 Supremacy Clause does not grant individuals a private right to seek redress of a constitutional

violation. In addition, the court questions whether it is appropriate for a court to determine whether or not the Chief Executive or members of the Legislature may be held accountable by the courts for allegedly breaching their trust to uphold the Constitution of the United States by the enactment of the Guam Cannabis Act. These issues might be political issues which may be more appropriately dealt with in other forums other than the courtroom.

Thus, the court also finds that Plaintiff lacks standing to bring an action to declare that the Governor and the Legislature of Guam have committed official misconduct and have violated federal law. Moreover, such issues may be more appropriately dealt with in other forums.

Because Plaintiff lacks standing to bring the legality of the Guam Cannabis Act issue before the court, it is not necessary for the court to rule on its legality or illegality.

## RECOMMENDATIONS

IT THEREFORE IS RECOMMENDED that the District Court issue an order as follows:

1. Denying Plaintiff's Motion for Summary Judgment, and

2. Finding that the Plaintiff lacks standing to seek a judgment: (1) declaring Guam's legalization of recreational and medical marijuana null and void; (2) enjoining Defendants from engaging in making policies and rules regulating the sale and distribution of marijuana; and (3) declaring that the Governor and the Legislature of Guam have committed official misconduct and have violated federal law.

It is so recommended.



**/s/ Joaquin V.E. Manibusan, Jr.**
      **U.S. Magistrate Judge**
**Dated: Sep 06, 2019**

### NOTICE

**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).**