**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| SEDFREY M. LINSANGAN (Pro Se), | CIVIL CASE NO. 19-00011 |
| Plaintiff, | |
| vs. | **ORDER**<br>**Re Objection to U.S. Magistrate Judge's**<br>**Report and Recommendation on Plaintiff's**<br>**Motion for Summary Judgment** |
| GOVERNMENT OF GUAM, LOURDES LEON GUERRERO, Acting in Her Official Capacity, | |
| Defendants. | |

Before the court is Plaintiff Sedfrey M. Linsangan's Objection to the U.S. Magistrate Judge's Report and Recommendation on Plaintiff's Motion for Summary Judgment. *See* ECF Nos. 24 and 25. After reviewing the parties' briefs and relevant cases and statutes, the court hereby **ADOPTS** the Report and Recommendation and **OVERRULES** Plaintiff's Objection to the Report and Recommendation.

**I. BACKGROUND**

On April 4, 2019, *pro se* Plaintiff Sedfrey M. Linsangan filed a Complaint against Defendants Government of Guam and Lourdes Leon Guerrero in her official capacity as Governor of Guam (collectively referred to as "Defendants"). ECF No. 1. The gist of Plaintiff's complaint is that Defendants violated the Controlled Substances Act ("CSA"), the Organic Act of Guam, and the Supremacy Clause, when the Defendants legalized the use of marijuana in

1

Guam. *Id.* Plaintiff seeks "injunctive and declaratory relief", ECF No. 1, at 2, and requests that the court should "11) Declar[e] Guam's legalization of recreational and medical marihuana null and void[;] 12) Enjoin[] defendants from engaging on policy making sale and distribution of marihuana[; and] Declar[e] that the Governor of Guam and Legislature of Guam have committed official misconduct and violated the Federal law." ECF No. 1, at 3.

On May 3, 2019, Plaintiff filed a motion for summary judgment. ECF No. 7. The parties briefed the motion and argued it before the U.S. Magistrate Judge on August 16, 2019. *See* ECF No. 22. After the Report and Recommendation was issued on September 6, 2019, ECF No. 23, Plaintiff timely filed his objections to the Report and Recommendation, ECF Nos. 24 and 25. Defendants did not file a response to the objections.

The issue at hand is whether Plaintiff has standing to bring the instant suit. This court finds that Plaintiff lacks standing and therefore *sua sponte* dismisses this case.

## II. STANDARD OF REVIEW

When a party files a timely objection to a magistrate judge's report and recommendation, "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991); *see also* FED.R.CIV.P. 72(b)(3) (stating "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to"). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* FED.R.CIV.P. 72(b)(3) (stating a district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions").

A district court's obligation to make a *de novo* determination of properly contested

portions of a magistrate judge's report and recommendation does not require that the judge conduct a *de novo* hearing on the matter. *United States v. Raddatz*, 447 U.S. 667, 676 (1980). In addition, neither party requested the court for an oral argument,[1] and having read the motion and related filings, the court, in the exercise of its discretion, finds that oral argument is unnecessary.

The court makes a *de novo* review of the Report and Recommendation in which Plaintiff had lodged objections to.

**III. DISCUSSION**

**A. Plaintiff has not met the Article III standing requirements.**

Article III of the United States Constitution requires that those who seek to invoke the power of the federal courts must allege an actual case or controversy. *See* U.S. CONST. art. III; *see also Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) (*citing Flast v. Cohen*, 392 U.S. 83, 94–101 (1968)).

"The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring, *inter alia*, that plaintiffs have standing and that claims be 'ripe' for adjudication … Standing addresses whether the plaintiff is the proper party to bring the matter to the court for adjudication. The related doctrine of ripeness is a means by which federal courts may dispose of matters that are premature for review because the plaintiff's purported injury is too speculative and may never occur." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121-22 (9th Cir. 2010) (citations omitted). "The standing question is whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction. The ripeness question is whether the harm asserted has matured sufficiently to warrant judicial intervention. Both questions bear close affinity to one another."

---

[1] In a subsequent filing, Plaintiff informed the court of his availability for a hearing *if* the court was going to schedule one. *See* ECF No. 27.

3

*Immigrant Assistance Project of Los Angeles County Federation of Labor (AFL-CIO) v. I.N.S.*, 306 F.3d 842, 859 (9th Cir. 2002) (quotation marks, editorial brackets and citations omitted). *See also, City of Auburn v. Qwest Corp.*, 260 F.3d 1160, 1172 n.6 (9th Cir. 2001) (noting that standing "overlaps substantially" with ripeness and that in that case, both were "inextricably linked").

In order for a plaintiff to demonstrate standing for injunctive and declaratory relief:

> [A] plaintiff must show that he [or she] is under threat of suffering "injury in fact" that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.

*Summers v. Earth Island Institute,* 129 S. Ct. 1142, 1149 (2009) (quoting *Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)).

A plaintiff must demonstrate "a real and immediate threat that he would again" suffer the injury to have standing for prospective equitable relief. *Lyons*, 461 U.S. at 105. The "mere physical or theoretical possibility" of a challenged action again affecting a plaintiff is not sufficient. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). It is necessary that there be a "reasonable expectation" or a "demonstrated probability" that the same controversy will recur involving the plaintiff. *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975).

> To establish Article III standing, a plaintiff must show *inter-alia* that he faces imminent injury on account of the defendant's conduct. Past exposure to harmful or illegal conduct does not necessarily confer standing to seek injunctive relief if the plaintiff does not continue to suffer adverse effects. Nor does speculation or "subjective apprehension" about future harm support standing. Once a plaintiff has been wronged, he is entitled to injunctive relief only if he can show that he faces a "real or immediate threat that he will again be wronged in a similar way."

*Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010) (citations omitted).

In order to establish an injury in fact necessary to a claim for injunctive relief, the moving party must demonstrate that a defendant's conduct is causing irreparable harm. *Levin v.*

*Harleston*, 966 F.2d 85, 90 (2d Cir. 1992). This requirement cannot be met absent a showing of a real or immediate threat that the plaintiff will be wronged again. *Lyon*, 461 U.S. at 101. While past wrongs consist of evidence bearing on whether there is a real and immediate threat of repeated injury, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974). Thus, "there must be sufficient immediacy, reality and causality between defendants' conduct and plaintiffs' allegations of future injury" to warrant injunctive relief. *Weiser v. Koch*, 632 F.Supp. 1369, 1373 (S.D.N.Y. 1986).

Examining the facts of the case, it is clear there is no on-going, real and immediate threat of repeated injury sufficient to confer standing for injunctive relief. Plaintiff has not successfully argued nor has he shown that he is presently threatened with or has already suffered any irreparable damage or injury because of the passage of the Guam Cannabis Industry Act of 2019 ("Cannabis Act") by the Guam Legislature. *See Benoit v. Gardner*, 345 F.2d 792, 793 (1965) ("There must, at the least, be a strong showing of a likelihood of success and of irreparable harm.").

In Plaintiff's Complaint, he alleges that "[t]he illegal acts by the Defendants will destroy families, children, economy, businesses[,] and the [i]sland of Guam. It will put more financial pressure on medical system and public coffers to treat those that will be addicted and eventually try stronger drugs[.]" Compl. at 3, ECF No. 1. Further, in Plaintiff's motion for summary judgment, he alleges the following:

> Guam has big problems with substance abuse such as marihuana and other hard drugs . . . Department of Education have stated the 2 pressing problems in school are substance abuse on marihuana and prospective shooting. One teacher even testified in the [p]ublic [h]earing that students are coming to class stone [*sic*] and cannot learn anything. Prospective shooting is attributed to people high on drugs

in the [m]ainland. In April 29, 2019, Post [a local Guam newspaper] reported that there are 263 foster kids up from 205 in 2018 and 170 in 2017. The cause is parents have drug abuse problem on marihuana and other hard drugs. Guam is the highest in the [n]ation per capita on suicide. Marihuana is associated with suicidal acts, psychosis, mental disorder and increase [*sic*] car accidents. More home invasion, burglary, stealing[,] and other crimes have increased in Colorado since the legalization of marihuana.

Pl.'s Mot. at 5, ECF No. 7. None of these allegations point to a concrete, particularized, and actual or imminent threat of injury to Plaintiff. These allegations are, at best, general speculations.

In his objection to the Magistrate Judge's Report and Recommendation, Plaintiff outlines the following:

(1) Plaintiff suffered "concrete injury" because "[t]he illegal importation, manufacture, distribution, and possession and improper use of controlled substances have a substantial and detrimental effect on the health and general welfare of the American people." Obj. to R. & R. at 3, ECF No. 24. This is not a concrete and particularized injury or threat of injury to Plaintiff.

(2) Plaintiff suffered "psychological injuries" because of his "1. [f]ear that the crimes such as home invasion, burglary, robbery, etc. will increase . . . 2. Mental anguish that defendants violated the [f]ederal [l]aw that protect the people. 3. Anxiety, insecurity, adjustment disorder, post-stress disorder due to personal attacks or backlash by marihuana supporters on media." *Id.* Plaintiff has not provided any medical documentation that supports these alleged mental health conditions. But more importantly, there is no evidence that these alleged mental health conditions are traceable to the challenged action of Defendants.

(3) Plaintiff will suffer financially from the challenged action of Defendants, because "Plaintiff has tenants subsidized by [the] [f]ederal [g]overnment, [and] once addicted to marihuana, they will be kicked out in [*sic*] the program leading to loss of income. Same with my workers, will lead to low production and prone to accidents. Plaintiff's store will be victimized by burglaries and robberies due to increase of crime." *Id.* These allegations are hypothetical and too speculative, and Plaintiff has failed to show that the financial harm is real or imminent.

Plaintiff relies on *Gonzales v. Raich*, 545 U.S. 1 (2005), for standing. *See* Obj. to R. & R. at 2, ECF No. 25. Plaintiff argues that the "Supreme Court of the United States made a ruling

that Congress may ban marihuana even [if] it is used for medicinal purposes." *Id.* In that case, Respondents suffer from serious medical conditions. They are under the care of medical professionals who have concluded—after prescribing a host of conventional medicines—that marijuana is the only drug available that provides effective treatment to respondents' medical conditions. *Gonzales v. Raich*, 545 U.S. at 6-7. As such, what Plaintiff here fails to understand is, that case is distinguishable from the instant case. The Respondents in *Gonzales v. Raich* suffered an actual harm and will continue to suffer harm because of Petitioners' actions. Plaintiff here, on the other hand, has not suffered an actual harm and has not shown evidence that he will suffer from a real and imminent threat of harm. Thus, Plaintiff does not have standing.

**B. Plaintiff does not have an "automatic" standing pursuant to the Organic Act.**

Plaintiff also relies on the Organic Act of Guam to support his position that he has "automatic" standing. *See* Obj. to R. & R., ECF Nos. 24 and 25. Specifically, Plaintiff cites to 48 U.S.C. §§ 1421b and 1423a. Obj. to R. & R. at 4-5, ECF No. 24. Section 1421b provides in relevant part that, "All laws enacted by Congress with respect to Guam and all laws enacted by the territorial legislature of Guam which are inconsistent with the provisions of this subsection are repealed to the extent of such inconsistency." 48 U.S.C. § 1421b. Section 1423a provides in relevant part that, "The legislative power of Guam shall extend to all rightful subjects of legislation not inconsistent with the provisions of this chapter and the laws of the United States applicable to Guam." 48 U.S.C. § 1423a.

Plaintiff is mistaken in his argument that the Organic Act of Guam grants him an "automatic" standing to bring this instant action to this court, simply because he believes that "[i]f there is a conflict, [the] Supremacy Clause of Article 6 of the Constitution supersede[s] [s]tate [l]aws." Obj. to R. & R. at 3, ECF No. 25. As the U.S. Magistrate Judge correctly pointed

7

out in this Report and Recommendation, Section 1421b does not provide a specific provision "which authorizes a citizen to file a private action to compel enforcement of the 'Bill of Rights' law or to declare null and void any Guam law that contravenes or is inconsistent with the said "Bill of Rights" provisions." R. & R. at 5-6, ECF No. 23. The same can be said of Section 1423a. "[A] private right of action under federal law is not created by mere implication, but it must be 'unambiguously conferred[.]'" *Armstrong v. Exceptional Child Center, Inc.*, 135 S.Ct. 1378, 1387-88 (2015) (citation omitted).

Lastly, Plaintiff appears to imply that he has "automatic" standing because his constitutional rights were violated as a result of the Cannabis Act not having been enacted through the initiative process, citing 48 U.S.C. § 1422a. Obj. to R. & R. at 1-3, ECF No. 25. Section 1422a(a) provides that "[t]he people of Guam shall have the right of initiative and referendum, to be exercised under conditions and procedures specified in the laws of Guam." This argument has no merit. Similar to Sections 1421b and 1423a, Section 1422a(a) does not grant any "automatic" standing or private right of action for Plaintiff to sue.

**IV. CONCLUSION**

The Organic Act of Guam does not grant automatic standing for Plaintiff to bring this action to this court. Plaintiff must meet the Article III requirement of alleging an actual case or controversy, which includes Plaintiff having standing and the claims being ripe for adjudication. As thoroughly discussed above, to have standing for injunctive and declaratory relief, Plaintiff must show, among other things, an injury that is concrete and particularized. For the claims to be ripe, Plaintiff's purported injury cannot be too speculative. Plaintiff has not met any of these. Plaintiff simply alleges unsubstantiated mental health conditions, potential financial harm, and general harm to the public (*e.g.*, higher crime rates). At most, Plaintiff offers general speculations as to the threat of injury or harm he will suffer.

8

| | |
|---|---|
| 1 | Because Plaintiff has not sufficiently alleged any concrete or immediate harm, this court |
| 2 | hereby **OVERRULES** Plaintiff's objection and **AFFIRMS** the U.S. Magistrate Judge's Report |
| 3 | and Recommendation. Plaintiff's Motion for Summary Judgment is **DENIED**. Moreover, |
| 4 | because Plaintiff lacks standing, the court *sua sponte* **DISMISSES** the above-captioned matter |
| 5 | without prejudice. Plaintiff may refile if he is able to establish standing. |
| 6 | **SO ORDERED.** |



**/s/ Frances M. Tydingco-Gatewood**
       **Chief Judge**
**Dated: Feb 10, 2020**